IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUANE REED MOORE, SR.,

    Plaintiff,                        No. CIV S-06-2187 FCD EFB P

    vs.

SUE HUBBARD, Warden, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. He filed his original complaint on October 27, 2006. Before any defendant was served, he filed a first amended complaint on November 28, 2007.

        The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Hubbard, Veal, Andreasen, Khoury, Gyaami, Pinkerton, Muller, Wyatt, Marino, and Chambers. *See* 28 U.S.C. § 1915A.

        The complaint does not state a cognizable claim against defendants Bick, Norris, or Williams.

/////

////

1

Plaintiff may proceed forthwith to serve defendants Hubbard, Veal, Andreasen, Khoury, Gyaami, Pinkerton, Muller, Wyatt, Marino, and Chambers and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants Bick, Norris, and Williams.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Bick, Norris, and Williams, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Hubbard, Veal, Andreasen, Khoury, Gyaami, Pinkerton, Muller, Wyatt, Marino, and Chambers, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Bick, Norris, and Williams without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Hubbard, Veal, Andreasen, Khoury, Gyaami, Pinkerton, Muller, Wyatt, Marino, and Chambers.

Accordingly, the court hereby orders that:

1. Claims against defendants Bick, Norris, and Williams are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Hubbard, Veal, Andreasen, Khoury, Gyaami, Pinkerton, Muller, Wyatt, Marino, and Chambers. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed November 28, 2007, 10 USM-285 forms and instructions for service of process on defendants Hubbard, Veal, Andreasen, Khoury, Gyaami, Pinkerton, Muller, Wyatt, Marino, and Chambers. Within 20 days of service of this

order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and 11 copies of the November 28, 2007, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Hubbard, Veal, Andreasen, Khoury, Gyaami, Pinkerton, Muller, Wyatt, Marino, and Chambers will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Bick, Norris, and Williams without prejudice.

Dated: April 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  DUANE REED MOORE, SR.,
11           Plaintiff,                    No. CIV S-06-2187 FCD EFB P
12       vs.
13  SUE HUBBARD, Warden, et al.,
14           Defendants.                   NOTICE OF SUBMISSION OF DOCUMENTS
15  _____/
16       Plaintiff hereby submits the following documents in compliance with the court's order
17  filed _____:
18           1          completed summons form
19          ____        completed forms USM-285
20          ____        copies of the _____
                                      Complaint
21
22  Dated:
23                                                  _____
                                                              Plaintiff
24
25
26

6