1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DUANE REED MOORE, SR.,

11              Plaintiff,              No. CIV S-06-2187 FCD EFB P

12        vs.

13   SUE HUBBARD, Warden, et al.,

14              Defendants.            <u>ORDER</u>

15   _____/

16        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations.

17   *See* 42 U.S.C. § 1983.  Currently pending before the court is defendants' request for an extension

18   of time, plaintiff's motions for appointment of counsel, and plaintiff's submission of documents

19   for service on defendant Muller.

20        Defendants request an extension of time to file and serve their reply to plaintiff's

21   opposition to their motion to dismiss.  *See* Fed. R. Civ. P. 6(b).  Defendants' September 24, 2008

22   request is granted and defendants' September 30, 2008 reply brief is deemed timely filed.

23        In his July 21 and 23, 2008 filings, plaintiff requests appointment of counsel, stating that

24   he requires frequent hospitalization and is "near death."[1]  Plaintiff also states that his rapidly

25   _____

26        [1]  Plaintiff has frequently made this "near death" assertion since the filing of his amended
complaint almost a year ago.

deteriorating physical condition prevents him from fully utilizing his already limited access to the prison law library.  Plaintiff's numerous filings in the months of June, July, and August 2008, in addition to filing a motion for summary judgment belie plaintiff's assertion that he is unable to adequately litigate the case on his own behalf.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court finds that there are no exceptional circumstances in this case.

In an order filed June 13, 2008, the court informed plaintiff that the United States Marshal had returned process directed to defendant Muller unserved with the notation that defendant is "no longer at facility."  The court gave plaintiff an opportunity to submit new information for service on this defendant.  On July 15, 2008, plaintiff submitted papers for service of process but instead of providing an address for defendant Muller as ordered, he provided the address of the Office of the Attorney General and stated that Muller is being represented by the same attorney who is representing the defendants who have already been served in this action.

Although service on an individual may be effected by delivering a copy of the summons and complaint to an "agent authorized by appointment or by law to receive service of process," there is no authorization for the Office of the Attorney General to accept service of a summons and complaint for Muller.  Fed. R. Civ. P. 4(e)(2)(C).  Plaintiff has 90 days from the date of this order to submit the information necessary to serve defendant Muller.  Failure to comply with this order will result in a recommendation that claims against Muller be dismissed.

////

1   Accordingly it is ORDERED that:

2   1.  Defendants' September 24, 2008, request for an extension of time is GRANTED and

3   defendants' September 30, 2008 reply brief is deemed timely filed.

4   2.  Plaintiff's July 21 and 23, 2008, motions for appointment of counsel are DENIED

5   3.  The Clerk of the Court shall mail plaintiff one form USM-285 and one summons.

6   4.  Within 90 days from the date this order is served, plaintiff may submit the attached

7   Notice of Submission of Documents with the completed summons and a completed form USM-

8   285 providing instructions for service of process upon defendant Muller.

9   5.  Failure to provide new instructions for service of process upon defendant Muller

10  within the time allowed or to show good cause for such failure will result in a recommendation

11  that this action be dismissed as to that defendant.

12  DATED:  October 2, 2008.

13

14                                        EDMUND F. BRENNAN

15                                        UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26
                                          3

1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DUANE REED MOORE, SR.,

12                   Plaintiff,                    No. CIV S-06-2187 FCD EFB P

13            vs.

14   SUE HUBBARD, Warden, et al.,

15                   Defendants.                   NOTICE OF SUBMISSION OF DOCUMENTS

16   _____/

17

18          Plaintiff hereby submits the following documents in compliance with the court's order

19   filed _____:

20                   ___1___          completed summons form

21                   ___1___          completed form USM-285

22

23

     Dated:

24

25                                         _____
                                                         Plaintiff

26