IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUANE REED MOORE, SR.,

    Plaintiff,

vs.

SUE HUBBARD, Warden, et al.,

    Defendant.

_____/

No. CIV S-06-2187 FCD EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court is plaintiff's August 1, 2008 motion for summary judgment as well as defendants' August 13, 2008 unenumerated Rule 12(b) motion to dismiss plaintiff's November 28, 2007 amended complaint for failure to exhaust administrative remedies prior to filing suit. Also pending and addressed herein is plaintiff's November 7, 2008 motion to strike defendants' motion to dismiss. For the reasons stated below, the court denies plaintiff's motion for summary judgment and motion to strike, and recommends that defendants' motion to dismiss be granted.

**I.    Plaintiff's Motion for Summary Judgment and Motion to Strike**

On August 1, 2008, plaintiff filed a motion for summary judgment seeking judgment in his favor. Plaintiff also filed a request for expedited consideration of his motion for summary

1

judgment on the ground that his health is rapidly deteriorating, to which defendants opposed. Plaintiff's motion is premature, as discovery has not yet begun, defendants have not yet filed an answer and the court has yet to issue a discovery and scheduling order. Thus, defendants have not been given an opportunity to discover any facts or information necessary in drafting an opposition. Thus, plaintiff's motion is denied as premature. Furthermore, defendants have filed a motion to dismiss, which is properly before the court. Accordingly, plaintiff's motion to strike the motion to dismiss on the ground that it is premature in light of plaintiff's pending motion for summary judgment, is also denied.

**II.     Defendants' Motion to Dismiss for Failure to Exhaust**

Defendants move pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss plaintiff's complaint for failure to exhaust. Defendants argue plaintiff's complaint should be dismissed because plaintiff failed to properly submit a grievance addressing his claims against defendants through the third level of review prior to filing this action. Plaintiff argues that defendants have failed to meet their burden of raising and proving the absence of exhaustion. For the reasons stated below, this court finds that plaintiff failed to properly exhaust his administrative remedies with respect to his claims and that defendants' motion to dismiss should therefore be granted.

    **A.     Summary of Alleged Facts**[1]

    At all times relevant to the Complaint, Plaintiff Duane Reed Moore (D-48543) was an inmate in the custody of the CDCR. At all times relevant to the Complaint, Defendants Moreno, Andreason, Wyant, Pinkerton, Khoury, Hubbard, Gyaami, Veal and Chambers were employees of the CDCR.

    Moore alleges that Defendants are starving him to death and have been deliberately indifferent to his specific medical needs. (Compl. § IV, ¶¶ 1-2.) Moore has undergone a Billroth II-grastrectomy and a surgery for spinal infringement. (*Id.* ¶ 2.) Moore has also had his bowel surgically removed, which has resulted in his suffering from Dumping Syndrome. (*Id.*) Moore additionally suffers from Agent Orange Syndrome. (*Id.*) Due to his physical condition,

---

[1] These facts are taken from defendants' motion to dismiss but are based on the facts set forth in plaintiff's November 28, 2007 amended complaint.

| | |
|---|---|
| 1 | Moore alleges that he requires a special diet and specialized medical care. (*Id.*) |
| 2 | Moore alleges that Defendants Hubbard, Veal, and Andreason, although aware of his dietary and medical needs, failed to properly supervise prison medical staff to |
| 3 | provide him with his specialized needs. (*Id.* ¶¶ 3-4.) Moore continues to allege that Dr. Andreason rejected numerous of his appeals for a specific diet and meal |
| 4 | schedule. (*Id.* ¶ 4.) Moore also alleges that Defendant Khoury rejected his appeals, without conducting any sort of investigation or inquiry into the validity |
| 5 | of his complaints. (*Id.* ¶ 5.) Moore further alleges that because of Defendant Khoury's actions, he has been starving to death, and has received inadequate food |
| 6 | and medical care for over three years. (*Id.*) |
| 7 | From on or around February 1, 2004, through the present, Moore alleges that Defendants Gyaami, Pinkerton, and Chambers, have blocked his access to receive |
| 8 | adequate amounts of food and refused to provide him with his prescribed diet. (*Id.* ¶¶ 6, 8.) Moore also alleges that during this same period of time, Defendants |
| 9 | Wyant and Moreno blocked his access to a specialized, life-sustaining diet prescribed by medical staff. (*Id.* ¶ 7.) Specifically, Defendants Wyant and |
| 10 | Moreno have prevented and continue to prevent Moore from leaving for chow (0600-0630) each day, as required to meet his need for six small meals per day. |
| 11 | (*Id.*) |

Defs.' P. & A. at 3-4.

In his amended complaint, plaintiff alleges that he exhausted his administrative remedies with respect to his claims against defendants. Am. Compl. ("Compl.") at 2. Plaintiff alleges that on May 13, 2004, he submitted an inmate appeal requesting a special diet and meal schedule, consisting of six meals per day. *Id.* at 4; *see also* Pl.'s Oct. 3, 2006 Mot. for Prelim. Inj. ("Pl.'s MPI") at 18 (copy of May 13, 2004 request).[2] Plaintiff further alleges that this appeal was rejected by defendant Andreason on June 4, 2004, and again rejected by defendant Khoury, on August 31, 2004. Compl. at 4, 6; *see also* Pl.'s MPI at 23 (copy of June 4, 2004 First Level Response, partially granting May 13, 2004 appeal in that plaintiff would be referred to a dietician); *id.* at 24-25 (copy of August 31, 2004 Second Level Response, denying plaintiff's request to receive six complete meals per day).

////

---

[2] A court may consider documents that are not expressly incorporated into the complaint, but "upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

Plaintiff also alleges he filed inmate appeals on or around February 24, 2006 and March 3, 2006, where he again complained of being deprived of a specialized diet, but that defendants ignored those appeals. Compl. at 8. Thereafter, on or about March 27, 2006, plaintiff submitted another appeal requesting a specialized diet. *Id.* at 4; *see also* Pl.'s MPI at 28-32 (copy of March 29, 2006 appeal). Plaintiff alleges that this appeal was rejected by defendant Andreason on April 21, 2006 and by defendant Khoury on June 21, 2006. Compl. at 4, 8; *see also* Pl.'s MPI at 33 (copy of April 21, 2006 First Level Response); *id.* at 34 (copy of June 21, 2006 Second Level Response, denying plaintiff's request for six complete meals per day).

**B.    Standards**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). Nor does § 1997e(a) require a plaintiff to plead exhaustion. *Id.* at 1119. Rather, "§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion." *Id.*

The Ninth Circuit determined in *Wyatt* that because the defense of failure to exhaust "is not on the merits" and summary judgment "is on the merits," the defense should be treated as a matter in abatement[3] to be resolved pursuant to a motion made under "unenumerated Rule 12(b)." *Id.* The Circuit stated that "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20.

The United States Supreme Court expressly stated in *Jones v. Bock*, 549 U.S. 199, 216 (2007), that failure to exhaust under the PLRA is an affirmative defense. It also stated that if the affirmative defense can be decided on the pleadings alone, a motion under Rule 12(b)(6) is appropriate. *Id.* at 215. The Court analogized to a motion to dismiss based on a statute limitations defense and stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the

---

[3] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c). Rule 7 "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement. *Black's Law Dictionary* 4 (6th ed. 1990). The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it. It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies." *Black's Law Dictionary* 1151 (6th ed. 1990). The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule." Thus, for example, the Revision Notes to 28 U.S.C. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor. The words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'" Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a plea in abatement. *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990) ("abatement of action," and "plea in abatement").

complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id.*

But, even when they are not addressed to the merits affirmative defenses which require the presentation of evidence outside the pleadings (including failure to exhaust as required by 42 U.S.C. § 1997e(a)) are properly considered on summary judgment, with disputed material factual issues reserved for resolution through credibility determinations as to the live testimony of the conflicting witnesses.[4] Fed. R. Civ. P. 12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56"), 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).[5] The Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and noted that departures from the usual procedural requirements are to be expressly made by Congress. *Jones*, 549 U.S. at 212, 214-16. Additionally, the Ninth Circuit recognized

---

[4] As discussed above, the reasoning in *Wyatt* for adhering to Rule 12(b) appears to have been that frequently a motion for "summary judgment is on the merits," and a failure to exhaust is independent of the substantive claims before the court. *Wyatt*, 315 F.3d at 1119. But, a motion asserting an affirmative defense, even when it does not address the merits of the substantive claims, should be brought under Rule 56 if the motion relies upon matters extrinsic to the complaint to establish the factual predicate for the defense. Motions challenging exhaustion of administrative remedies frequently rely on declarations and exhibits that are extrinsic to the complaint.

[5] Several other Circuits have applied summary judgment principles when the defense of failure to exhaust cannot be decided on the pleadings. *See Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (addressing exhaustion at summary judgment); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (reversing grant of summary judgment on exhaustion and remanding for further proceedings); *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379-80 (5th Cir. May 1, 2008) (addressing exhaustion at summary judgment); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001) (reviewing evidence elicited at trial as to whether prisoner exhausted available remedies); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (addressing exhaustion at summary judgment); *but see Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) (finding that PLRA exhaustion should be treated as a matter in abatement and should be decided on a Rule 12(b) motion, even when factual disputes exist); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (rejecting the summary judgment and the Rule 12(b) approaches to PLRA exhaustion and instead determining that once a PLRA exhaustion defense is raised, a special evidentiary hearing should be held to address that defense before litigation on the merits proceeds).

in *Wyatt* that when the district court looks beyond the pleadings to a factual record, which commonly occurs in deciding an exhaustion motion, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt*, 315 F.3d at 1119, n.14.

Thus, whether a motion for failure to exhaust under the PLRA may be raised under Rule 12 or Rule 56 is not determined by whether the defense asserted in the motion goes to the "merits" of the claim. Regardless of whether judgment is sought on the merits or whether the motion seeks to bar consideration of the merits based on a technical ground that precludes reaching the merits (i.e., exhaustion, issue or claim preclusion, a statute of limitations, etc.), the determining factor is whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion. *See Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.").

Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Notwithstanding the analysis above, the court recognizes that *Wyatt* is controlling in these circumstances and that the instant motion is properly construed as an "unenumerated" Rule 12(b) motion to dismiss. Accordingly, the court analyzes the motion, as *Wyatt* suggests, under a standard "closely analogous to summary judgment." 315 F.3d at 1119, n.14. If, under that standard, the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.* at 1119-20.

**C. Summary Judgment Standards**

Under Rule 56, resolution of the exhaustion issue in favor of defendants is appropriate when it is demonstrated that there is "no genuine issue as to any material fact" over the question. Fed. R. Civ. P. 56(c). The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is

a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001) (*en banc*). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Auvil v. CBS "60 Minutes,"* 67 F.3d 816, 819 (9th Cir.1995).

For the opposing party to establish a genuine issue of fact the factual dispute must meet two requirements. First, the dispute must be over a fact(s) that is material, i.e. one that makes a difference in the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law, which here involves the question of whether plaintiff has met the exhaustion requirement. *Id.* ("As to materiality, the substantive law will identify which facts are material.")

Second, the dispute must be genuine. In this regard, the court must focus on which party bears the burden of proof on the factual dispute in question. Where the opposing party bears the burden of proof on the issue in dispute, conclusory allegations, unsupported by factual material, are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the record relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252. If the

evidence presented could not support a judgment in that party's favor, there is no genuine issue. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. at 323.

Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that affects the outcome of the case.

On May 14, 2008, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**D. Exhaustion Under California Law**

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

> To initiate the process, an inmate must fill out a simple form, Dept. of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87) (hereinafter Form 602), that is made "readily available to all inmates." Cal. Code Regs., tit. 15, § 3084.1(c) (2004). The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested." Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." [] The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate.
>
> If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process. *See* §§ 3084.5(b)-(d). Although California labels this "formal" review (apparently to distinguish this process from the prior step), the three-step process is relatively simple. At the first level, the prisoner must fill in part D of Form 602, which states: "If you are dissatisfied, explain below." [] The inmate then must submit the form, together with a few other documents, to the Appeals Coordinator within 15 working days-three weeks-of the action taken. § 3084.6(c). This level may be bypassed by the Appeals Coordinator in certain circumstances. § 3084.5(b). Within 15 working days after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate.
>
> If the prisoner receives an adverse determination at this first level, or if this level is bypassed, the inmate may proceed to the second level of review conducted by

9

> the warden. §§ 3084.5(c), (e)(1). The inmate does this by filling in part F of Form 602 and submitting the form within 15 working days of the prior decision. Within 10 working days thereafter, the reviewer provides a decision on a letter that is attached to the form. If the prisoner's claim is again denied or the prisoner otherwise is dissatisfied with the result, the prisoner must explain the basis for his or her dissatisfaction on part H of the form and mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working days. § 3084.5(e)(2). An inmate's appeal may be rejected where "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." § 3084.3(c)(6).

*Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs. tit. 15, § 3084.1(a). All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. *McKinney*, 311 F.3d at 1200. The claim must be properly exhausted; therefore, an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement. *Woodford*, 548 U.S. at 83-84

**E. Analysis**

Defendants contend that plaintiff did not successfully file an inmate grievance at the third level of review, and therefore, his claims must be dismissed as unexhausted. Defs.' P & A at 6. In support of their motion to dismiss, defendants submit the declaration of N. Grannis, the Chief of the Inmate Appeals Branch ("IAB"), which receives all inmate appeals submitted to the third or highest level of review. Defs.' Mot. to Dism., Attach. 1, Decl. of N. Grannis ("Grannis Decl.") ¶¶ 1, 5. Grannis states that plaintiff obtained a final Director's Level review of four appeals, but none of the four appeals concern the claims at issue in this action, namely: (1) that his visit with his wife was terminated after only three hours; (2) that he required immediate spinal surgery; (3) that the administrative segregation rules on possessing electrical appliances be amended and that he be provided with a cable television; and (4) that an allegedly falsified chrono be removed from his file. *Id.* at ¶¶ 10, 13, Exhs. A-D. Grannis also attaches Exhibit E to her declaration, which reveals that plaintiff filed four appeals that were screened out at the

Director's Level of review for various reasons. *Id.* ¶¶ 11, 12, Exh. E.

In his opposition brief, plaintiff argues that defendants have failed to meet their burden of raising and proving the absence of exhaustion. Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n) at 2, 6. Plaintiff, citing to *Wyatt*, argues that there, the Ninth Circuit "rejected an affidavit almost identical to the Declaration of N. Grannis . . ." *Id.* at 4, 6. In *Wyatt*, the court found that:

> the documents produced by defendants [were] inadequate to establish that Wyatt failed to exhaust California's administrative review process. The affidavit, although describing the inmate appeals process, does not state whether or not Wyatt has exhausted his appeals. There is no evidence in the record establishing that the "Appeal Record" is what defendants say it is. We cannot tell from the record whether that document is a complete record of Wyatt's Director's Level appeals. Nor does the record establish that the one appeal shown on the document relates to a subject other than the prison grooming regulations challenged here. Defendants have failed to meet their burden of establishing that Wyatt did not exhaust administrative remedies

*Wyatt*, 315 F.3d at 1120. Plaintiff's argument lacks merit, however, as the Grannis declaration shares none of the deficiencies identified above.

Plaintiff further contends that Exhibit E, attached to the Grannis declaration, "is not a complete and credible history," because it "accounts for none of the numerous appeals for [plaintiff's] prescribed diet," nor does it account for "the responses to [plaintiff's] appeals, which are] cited in the plaintiff's complaint." Pl.'s Opp'n at 4, 7. Plaintiff, however, already provided the court with copies of the responses to the appeals he cites in his complaint. *See* Pl.'s MPI (including copies of plaintiff's inmate appeals regarding his diet, and the responses thereto). Nevertheless, to address plaintiff's concern, defendants, in their reply brief, attach the declaration of D. Lewis, Appeals Coordinator at California Medical Facility ("CMF"), who screens inmate appeals filed by prison inmates housed at CMF. Defs.' Reply, Decl. of D. Lewis ("Lewis Decl.") ¶¶ 1-3. Lewis testifies that plaintiff submitted five separate grievances relevant to his allegations of not receiving a proper diet or failure of prison officials to meet his medical

////

11

needs.⁶ *Id.* ¶ 7. However, as shown by the Grannis declaration, none of these grievances were successfully appealed to the third level of review. *See* Grannis Decl. ¶¶ 10-13. Defendants argue that if plaintiff was dissatisfied with the appeal responses he received at the first or second levels, he had the opportunity to appeal to the next level, until he exhausted all of his administrative remedies. Defs.' Reply at 6.

Plaintiff further contends that Grannis "failed to preform her legally required duties as Appeal Coordinator and keep proper records [] which would have ensured that the plaintiff's appeals reached the level the defendants claim must be reached to exhaust the appeal process." Compl. at 4, 7. Plaintiff does not, however, counter defendants' motion with any evidence, nor does he argue that he is entitled to an exception to exhaustion. Rather, plaintiff insists that he is not seeking an exception to the exhaustion requirement. Pl.'s Opp'n at 4 ("[P]laintiff has not argued in his complaint that the court should make an exception to 42 U.S.C. § 1997e(a). Neither has the plaintiff suggested in his complaint that his medical condition, deficiencies in the appeal process, or any other circumstances merit exception to the exhaustion requirements of 42 U.S.C. § 1997e(a)."); *see also id.* at 2.

As noted above, defendants have the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies. *See Jones*, 127 S. Ct. at 921; *Wyatt*, 315 F.3d at

---

⁶ The court observes that two of the five appeals attached to the Lewis declaration were filed *after* commencement of this suit. *See* Lewis Decl. ¶ 7(d)-(e), Exhs. D, E. Thus, even if these appeals had been pursued through the third level of review, which they were not, they could not have exhausted plaintiff's claims. *See Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006). Additionally, another two of the five appeals and the responses thereto, had already been presented to the court by plaintiff. *See* Lewis Decl. ¶ 7(a), (c), Exhs. A, C; Pl.'s MPI at 18, 23-25, 28-34. These appeals were denied at the second level as to plaintiff's requests for six complete meals per day, yet plaintiff did not properly appeal them at the third level of review. *See* Pl.'s MPI at 24-25, 34; Grannis Decl. ¶¶ 10-13. Finally, the other appeal attached to the Lewis declaration concerned plaintiff's request for two showers a day. Lewis Decl. ¶ 7(b), Exh. B. This appeal could not have exhausted plaintiff's claims because it was denied at the second level of review and plaintiff did not successfully file an inmate grievance at the third level of review, and, in any event, it is not related to the claims raised in the amended complaint. *See id.*; Grannis Decl. ¶¶ 10-13.

1119. Defendants have carried their burden in this regard. *See Jimenez v. Carhunagan*, 2008 U.S. Dist. LEXIS 6450, at *21-22 (C.D. Cal. Jan. 18, 2008) (finding that defendant's evidence that plaintiff did not complete the third-level review was "sufficient to shift the burden of producing evidence"); *Robinson v. Marini*, 2008 U.S. Dist. LEXIS 14834, at *8 (C.D. Cal. Jan. 14, 2008) (finding that defendant had "met her burden of showing that some administrative relief remain[ed] available to Plaintiff," where defendant produced declaration showing that plaintiff had "not filed any proper appeals at the third formal level of review with regard to the allegations contained in the [] Complaint."); *Buford v. Haggie*, 2007 U.S. Dist. LEXIS 55877, at *5 (E.D. Cal. Aug. 1, 2007) (finding that defendants met their burden, which then shifted to plaintiff, where defendants' motion to dismiss for failure to exhaust administrative remedies was supported by a declaration of the Chief of Inmate Appeals, indicating that plaintiff had obtained a final Director Level review of six appeals, but none of those appeals concerned the claims at issue).

Plaintiff has not responded by demonstrating that he exhausted his administrative remedies, that such administrative remedies were unavailable, or that prison officials effectively obstructed his ability to pursue his grievance through the director's level of review. *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008). Given these circumstances, the court concludes that plaintiff failed to properly exhaust his administrative remedies with respect to his claims and that defendants' motion to dismiss should therefore be granted. *See Walls v. Lee*, 2008 U.S. Dist. LEXIS 67624, at *6-7 (N.D. Cal. Aug. 29, 2008) (granting defendants' motion to dismiss for failure to exhaust administrative remedies where the motion was supported with a declaration from the Chief of the Inmate Appeals Branch showing that the plaintiff had only exhausted one inmate appeal through the Director's Level, which concerned an entirely separate incident from the claims in the complaint, and the plaintiff presented no evidence that he properly exhausted any of his claims); *Robins v. Lamarque*, 2008 U.S. Dist. LEXIS 66714, at *8 (N.D. Cal. Aug 22, 2008) (finding that the plaintiff's "administrative segregation claims . . . [had] not been

exhausted" where complaint alleged he had exhausted a claim made in a particular grievance, and defendants submitted the declaration of the Appeals Coordinator indicating that such grievance was never presented to the Director's Level, and plaintiff offered no evidence to the contrary).

### III. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (docket no. 32) and request for expedited consideration thereof (docket no. 29) are denied as premature; and,

2. Plaintiff's motion to strike (docket no. 41) is denied.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss, construed under Rule 56, (docket no. 33) be granted;

2. This action be dismissed without prejudice; and,

3. The Clerk be directed to enter judgment and close the file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE